### Silvanus Ewer *et al. versus* The Washington Insurance Company.

Where in the margin of a policy of insurance on a ship at sea, it was written that she had been spoken with on the 27th of August, parol evidence that a memorandum was left with the underwriters, with which it was intended the policy should conform, stating that she had been spoken with on the 20th, and that " 27th " was inserted in the policy by mistake, was *held* inadmissible.

Assumpsit on a policy of insurance on the ship Tarquin. In the margin of the policy was this memorandum : " Said ship Tarquin was spoken with on the 27th August, 1824, in lat. 35° 5' N., lon. 160° 40' W." At the trial, before *Morton* J., the plaintiffs offered evidence to show that the figures 27 were inserted in the memorandum by the defendants, by mistake and inadvertence, instead of the figures 20, and that the statement was intended and understood by both parties to the contract, to apply to the 20th, and not to the 27th of August ; and to conform to a statement, in the handwriting of the master of the ship by which the Tarquin was spoken, left with the defendants when application was made at their office for insurance. This evidence was objected to, but was admitted ; and a verdict was returned for the plaintiffs, by consent. If the evidence was improperly admitted, a new trial was to be granted.

*C. P Curtis*, for the defendants, insisted that the parol evidence was inadmissible to vary the written contract ; and remarked, that the authority of a court of equity to reform contracts, had not been conferred upon this Court. Park on Ins. (7th edit.) 608 ; *Higginson* v. *Dall*, 13 Mass. R. 96 ; *Fitzhugh* v. *Runyon*, 8 Johns. R. 375 ; *Jackson* v. *Sill*, 11 Johns. R. 201 ; *United States* v. *Thompson*, 1 Gallis. 388 ; *Miller* v. *Travers*, 8 Bingh. 244 ; *Ohl* v. *Eagle Ins. Co.* 4 Mason, 172, 390 ; *Robertson* v. *Marjoribanks*, 2 Stark. R. 573 ; 2 Phillips on Ins. 21 ; 1 Phillips on Ins. 9, 12, 13 ; *Dwight* v. *Pomeroy*, 17 Mass. R. 328 ; *Graves* v. *Boston Marine Ins. Co.* 2 Cranch, 419.

*B. Rand* and *Fiske*, *contrà*, cited *Motteux* v. *London Ass. Co.* 1 Atk. 545 ; *Henkle* v. *Roy. Exch. Ass. Co.* 1 Ves. sen. 317 ; *Andrews* v. *Essex F. and M. Ins. Co.* 3 Mason, 10 ; *Bates* v. *Grabham*, 2 Salk. 444 ; *S. C.* Ld. Holt, 469 ; *Robinson* v. *Touray*, 3 Campb. 158 ; *S. C.* 1 Maule & Selw. 217 ; *Sawtell* v. *Loudon*, 5 Taunt. 358 ; *Cole* v. *Parkin*, 12 East, 471 ; *Hill* v. *Patten*, 8 East, 373 ; 1 Marsh. Ins. (3d edit.) 349 ; 1 Park on Ins. (7th edit.) 3 ; *Lawrence* v. *Sebor*, 2 Caines's R. 203 ; 2 Stark. Ev. 1018 ; 2 Chit. Pl. (6th Amer edit.) 117, 145, 188 ; *Doe* v. *Huthwaite*, 3 Barn. & Ald. 632 ; *Jackson* v. *Stanley*, 10 Johns. R. 133 ; *Powell* v. *Biddle*, 2 Dallas, 70 ; *Christ* v. *Diffenbach*, 1 Serg. & Rawle, 464 ; *Gilchrist* v. *Cunningham*, 8 Wendell, 641 ; *Brown* v. *Gilman*, 13 Mass. R. 161 ; *Wallace* v. *Rogers*, 2 N. Hampsh. R. 506.

*Per Curiam.* The memorandum is unambiguous in its language, and is admitted to be a part of the contract and to constitute a warranty that the ship insured was spoken with as therein stated ; and it is perfectly clear, that " 27th August " was inserted by mistake instead of " 20th August." Perhaps a court of chancery would reform the policy, in such a case ; but the only question before us is, whether, in a court of law, the parol evidence was admissible ; and we are of opinion that the general rule must be applied, that parol evidence cannot be received to vary, contradict or control a written contract. *Miller* v. *Travers*, 8 Bingh. 244, and *Higginson* v. *Dall*, 13 Mass. R. 96, are very strong cases on this point.

*New trial granted.*